# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| YEP COMMERCE, INC.,[1] | : | Case No. 23-11820-LSS |
| | : | |
| Debtor. | : | **Related D.I.** |
| | : | |

## ORDER AUTHORIZING THE PUBLIC AUCTION AND SALE OF THE DEBTOR'S RIGHT, TITLE, AND INTEREST IN CERTAIN VEHICLES, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO 11 U.S.C. §§ 105 AND 363, AND <u>RULE 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>

Upon consideration of the motion of Alfred T. Giuliano (the "<u>Trustee</u>"), the Chapter 7 trustee for the estate of Yep Commerce, Inc. (the "<u>Debtor</u>"), seeking the entry of an Order authorizing (i) the Trustee to sell the Debtor's right, title, and interest in the Vehicles by online public auction, conducted by Taylor & Martin, LLC Auctioneers (the "<u>Auctioneer</u>" or "<u>T&M</u>"), and (ii) the Sale of the Vehicles to the highest prevailing bidder at the Auction, free and clear of liens, claims, interests, and encumbrances, pursuant to 11 U.S.C. §§ 105 and 363, and Fed. R. Bankr. P. 6004, with any such liens, claims, interest, and encumbrances attaching to the proceeds from the Auction and Sale to the same extent, validity, and priority, as existed prior to the Auction and Sale (the "<u>Motion</u>"); [2] and the Court having considered the Motion and determined that (a) it has jurisdiction over the matters raised in the Motion, pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (d) proper and adequate notice of the Motion and hearing thereon has been given and no other or further notice is necessary; and (e)

---

[1] The last four digits of the Debtor's Employer Identification Number are 1962.

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms as in the Motion.

161613672.1

upon the record herein, after due deliberation thereon, good and sufficient cause appearing therefore,

**THE COURT FINDS AND CONCLUDES**, based on the information set forth in the Motion:

A. The Court has jurisdiction over these cases, pursuant to 28 U.S.C. § 1334(b).

B. Due and adequate notice of the Motion and the Auction and Sale of the Vehicles has been given to all parties entitled thereto and no other further notice is necessary or required.

C. A reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

D. The Trustee has determined in the exercise of his sound and reasonable business judgment that the Auction and Sale of the Vehicles to the highest prevailing bidder under the terms of the Auction Agreement and this Order: (i) is the best way to maximize the value that will be generated from the Sale of the Vehicles; (ii) will achieve the highest and best offers available for the Vehicles; and (iii) will reduce administrative burdens on the estate.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

1. The Motion is GRANTED as set forth herein.

2. The Trustee is authorized to conduct an Auction of the Vehicles at the Equipment Location on or before October 31, 2024, in accordance with the terms set forth in the Motion and the Auction Agreement.

3. The Trustee is authorized to consummate the Sale of the Debtor's right, title, and interest in the Vehicles to the highest prevailing bidder at the Auction, free and clear of all liens, claims, and encumbrances, pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), and Fed. R. Bankr. P. 6004, with any such liens, claims, interests, and encumbrances attaching to the proceeds

from the Auction and Sale to the same extent, validity, and priority, as existed prior to the Auction and Sale.

4. The Sale of the Debtor's right, title, and interest in the Vehicles to the highest prevailing bidder at Auction shall be on an "as is" "where is" basis, and is without recourse, representation, or warranty of any kind to or by the Trustee, whether express, implied, or imposed by law.

5. Upon entry of this Order, and unless the Trustee has entered into a separate agreement stating otherwise, any creditor who claims to have an interest in the Vehicles, to the extent any such creditor exists, and has not timely filed an objection to the Motion is deemed to have consented to the Sale of the Debtor's right, title, and interest in the Vehicles.

6. Nothing in this Order shall waive, impair, abrogate, enhance, or otherwise affect any party's rights, claims, and/or defenses concerning any damages. All parties' rights, claims, defenses, and remedies are preserved concerning any amounts due and owing to any creditor of the Debtor.

7. Notwithstanding Fed. R. Bankr. P. 6004, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

8. The Court shall retain jurisdiction over any matter arising from, and/or related to, this Order or the relief granted herein.

161613672.1